HANNAH ASHBAUGH, Plaintiff in Error, *v.* OLIVER T. ASHBAUGH, Defendant in Error.

### ERROR TO STEPHENSON.

In contemplation of law the residence of the wife follows that of the husband.
Desertion for the period of two years, by the husband, residing in this State, although commenced in a foreign jurisdiction, will enable a wife to obtain a divorce.

THIS bill for a divorce was heard before SHELDON, Judge, at September term, 1855, of the Stephenson Circuit Court, and dismissed. The facts are stated in the opinion.

U. D. MEACHAM, for Plaintiff in Error.

J. L. LOOP, for Defendant in Error.

SKINNER, J. This was a bill in equity for a divorce. The bill charges that the parties were married in Canada in 1849, and there lived as man and wife until 1852, when the defendant, the husband, willfully and without cause, deserted the complainant, and that he has continued such desertion for more than two years, and up to the filing of the bill. The proofs show the marriage as alleged; that the defendant came to this State about three years before the filing of the bill, where he has since resided; that during said time he has refused to live with or support the complainant; that she has made repeated efforts to induce him to permit her to live with him, and that he refuses so to do, or in any manner to provide for her wants.

It is not shown that the complainant has resided in this State one year prior to the filing of the bill, and for this cause the Circuit Court dismissed the bill.

Our statute is as follows: " No person shall be entitled to a divorce, in pursuance of the provisions of this chapter, who has not resided in the State one whole year previous to the filing of his or her bill, unless the offence or injury complained of was committed within this State, or whilst one or both of the parties resided within this State."

In contemplation of law the husband and wife are one person, and her residence follows that of the husband. Admitting, however, that the statute has reference to *actual* residence only, the bill should not have been dismissed. The injury complained of is desertion for the period of two years, and this occurred and became complete within the terms of the statute while the defendant resided in this State, although it had its inception in a foreign State. R. S. 196, Sec. 1 ; ibid. Sec. 3.

Two whole years of such desertion elapsed while the defendant resided in this State, and the fact that the original act of desertion took place in Canada, cannot affect the complainant's rights, the injury entitling her to a divorce, under our law, being complete within this State and while the defendant resided here. *Vischer* v. *Vischer*, 12 Barbour 640 ; *Masten* v. *Masten*, 15 N. H. R. 159.

The policy of the statute is to prevent persons from wrongfully and clandestinely obtaining decrees of divorce, and the reason of the provision is consistent with the construction here given.

Decree reversed and cause remanded.

*Decree reversed.*