## MARGARET KENLEY

### *v.*

## W. H. HUDELSON *et al.*

*Filed at Mt. Vernon June 21, 1881.*

1. HOMESTEAD—*right of married woman on separation from her husband.* After a permanent separation of a husband and wife, even by agreement, and his refusal or neglect to furnish her with a home or support, the wife will have the right to acquire and hold property in the same manner as if she were sole or had been divorced, and if she purchases and occupies premises by herself and family, as a homestead, she will be protected, under the statute, the same as any other householder.

2. SAME—*abandonment.* Where a person leaves a place which is occupied as a homestead, for a temporary purpose, intending to return, it can not be held an abandonment of the homestead.

WRIT OF ERROR to the Circuit Court of Clay county; the Hon. WILLIAM C. JONES, Judge, presiding.

This was a suit in chancery instituted in the court below, by Margaret Kenley against William H. Hudelson and Henry S. Watson. The bill alleges that complainant is the lawful wife of one Henry Kenley, who is still living, but owing to difficulties they mutually agreed to live separate and apart, and have lived separate and apart for about fifteen years; that after the separation complainant purchased with her own money, and became the legal owner, in 1870, of the south half of the north-west quarter of the south-west quarter, and the north-east quarter of the south-west quarter of section 18, town 4 north, range 7 east; that she lived on said premises with her family, being children by a former husband, and also one child by the said Henry Kenley, all of said children being minors except one, until February, 1876; that she occupied said premises as the head of a family, and claimed the same as her homestead; that in February, 1876, she rented said premises, moved to Louisville, in said county, for the purpose of educating one of her children, that was troubled with spinal

disease, and at the time she moved to Louisville she expressed an intention of returning to her home as soon as the condition of her family would permit; that since she moved to Louisville she has received the rent of said premises from time to time, and has not purchased, owned or claimed any other place as her homestead than the one in question; that after she moved to Louisville, on, to-wit, February, 1877, Brown, Chambers & Co. filed a transcript of a judgment, amounting to $50, with costs of suit, in the circuit clerk's office of said county, which judgment they had obtained before a justice in said county on the 9th day of February, 1877, against Abijah Wilkerson, William Wilkerson, and complainant; that on the 15th day of March, 1877, about a year after complainant moved off the premises in question, Brown, Chambers & Co. caused an execution, issued upon this transcript, to be levied on said land, and sold the same at sheriff's sale on the 5th day of May, 1877, at which sale William H. Hudelson and Henry S. Watson purchased said land for the sum of $75, received a certificate of purchase therefor, and, after the expiration of fifteen months, a sheriff's deed for the same. The bill further charges that complainant had lived on said premises, and paid taxes thereon, for several years, and at the time of judgment and sale, aforesaid, she had not abandoned, or expressed any intention of abandoning, the same, but had expressed the contrary intention, and the same being her homestead, the judgment constituted no lien, therefore the levy, sale and deed are void; that by reason of said sheriff's deed, said Hudelson and Watson claim to be the owners of said land, and demand the rent therefor. The bill prays that the deed of the said Hudelson and Watson may be canceled, and that complainant have the rent of said premises so claimed by the said Hudelson and Watson, and for general relief.

Upon a hearing in the circuit court the bill was dismissed, whereupon the complainant sued out this writ of error.

Mr. F. G. COCKRELL, and Mr. H. H. CHESLEY, for the plaintiff in error:

The separation being permanent, the parties having lived separate and apart, under articles of separation, with no expectation of living together again, the complainant, in law, became a *feme sole,* and as such had the right to acquire property, control her person and acquisitions, to contract, sue and be sued, etc. *Love et al.* v. *Moynehan,* 16 Ill. 277. See, also, *Leopold et al.* v. *Krouse,* 95 Ill. 440; *Moss* v. *Moss,* 95 id. 449.

The question of abandonment of a homestead must be determined at the time of the recovery of the judgment. If not abandoned then, the judgment became no lien, and the execution sale and deed passed no title. *Wiggins* v. *Chance,* 54 Ill. 175.

On the question of abandonment generally, see *Hayes et al.* v. *Hayes et al.* 74 Ill. 312; *Potts et al.* v. *Davenport et al.* 79 id. 455.

Messrs. HAGLE & FINCH, for the defendants in error:

The domicile of the husband is the domicile of the wife. Her residence, in law, follows that of her husband. Where his home is, there, in law, is her home. His residence, in law, is hers. *Ashbaugh* v. *Ashbaugh,* 17 Ill. 476; *Davis* v. *Davis,* 30 id. 180; *Kennedy* v. *Kennedy,* 87 id. 250; *Williams* v. *Saunders,* 5 Cold. (Tenn.) 60; *Smith* v. *Morehead,* 6 Johns. Eq. (N. C.) 360.

The domicile of the wife is with her husband, and she has no power to change it or select her own. *Yule* v. *Yule,* 2 Stockt. (N. J.) 138; *Hamburg* v. *Hamburg,* 29 Ala. 719.

This is the general and well recognized rule of law in most, if not in all, the States, and to which we have found but one exception, and that is where the husband has deserted or abandoned the wife, or has, without fault on her part, compelled her to leave his domicile, in which case some of the courts have recognized the wife's right to sepa-

rate domicile or place of residence, for the sole purpose of giving the court jurisdiction, and thereby enabling her to prosecute a suit against the husband. 2 Parsons on Contracts, 112, 113, note d; Story's Conflict of Laws, sec. 46; *Irby* v. *Wilson*, 1 Dev. & Bat. (N. C.) 568.

The wife has a right to a homestead on her husband's real estate, although she may never have resided with him upon it, but may have always lived separate and apart from him. *Atkinson* v. *Atkinson*, 40 N. H. 249; *Meader* v. *Place*, 43 id. 307; *Colburn* v. *Holland*, 14 Rich. Eq. 176.

The husband is the recognized head of the family, and except in case of desertion by him, has the right to, and does in law, locate, by his own place of residence, the legal residence, home and homestead of his wife and minor children. Thompson on Homesteads and Exemptions, sec. 276, and authorities there cited.

And the wife's refusal to accompany him to and reside with him at the place of his choice, is desertion on her part. *Shillinger* v. *Shillinger*, 14 Ill. 147; *Kennedy* v. *Kennedy*, 87 id. 250; *Cipperly et al.* v. *Rhodes et ux.* 53 id. 346.

There can not be two homesteads at the same time, both exempt, nor can a person have two, either of which, at his or her election, would be exempt. Thompson on Homesteads, secs. 225, 226; *Wright* v. *Dunning*, 46 Ill. 271; *Gambette* v. *Brock*, 41 Cal. 83.

While the husband lives, and the relation of husband and wife continues, the husband not having deserted or abandoned his family, no claim to a homestead can exist in the wife. It is for him, while living, to claim, if he chooses. If he does not, she can not. It is her duty, as a loyal wife, to reside with him. His domicile, in law, is hers. *Getzler* v. *Saroni*, 18 Ill. 511; *Phillips* v. *City of Springfield*, 39 id. 83.

The right of homestead attaches as well to an equitable as to a legal or fee simple title. Rev. Stat. 1874, chap. 52, sec. 1; Thompson on Homesteads, sec. 171, 172; *Blue* v. *Blue*, 38 Ill. 9.

From the time, at least, that plaintiff in error refused to return and live with her husband, the living separate and apart was not "without her fault," and she does not, therefore, make out a case that would even entitle her to a divorce or a decree for separate maintenance. *Babbitt* v. *Babbitt,* 69 Ill. 277; *Wahle* v. *Wahle,* 71 id. 510.

Occupancy by a tenant is no notice of the existence of a homestead right in the landlord, and mortgagees or judgment creditors are protected against that kind of secret lien. *Cahill* v. *Wilson,* 62 Ill. 137, and other authorities there cited.

The first section of the Exemption act requires that the head of the family must actually reside on the premises, or that the premises must be occupied as a residence. *Fisher* v. *Cornell,* 70 Ill. 216.

The courts have recognized a distinction between the first and second sections of the act, holding that when the husband is dead, and especially when both parents are dead, residence by a tenant may be substituted for an actual occupancy by the widow or the children, and that it is only in such cases and under peculiar circumstances that actual residence of the person claiming the benefit of the act can be dispensed with. *Cabeen* v. *Mulligan,* 37 Ill. 230; *Titman* v. *Moore,* 43 id. 169.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This record presents two questions:

*First*—Whether the complainant, a married woman, can hold a homestead in premises purchased after she and her husband had separated, and while the husband was still living.

*Second*—If complainant was entitled to a homestead in the premises, had she lost the right of homestead by abandonment?

The complainant, Margaret Kenley, a widow with several small children, about seventeen years ago married Henry Kenley, and resided with him one year and six months, when the parties, not being able to live together on friendly terms, separated, and have never resided together since the separation. The complainant had one child as the fruits of the second marriage, and when the separation was had, complainant agreed to keep the child, and relinquish all interest she had in her husband's lands, and her husband gave her the sum of $600. It was understood and agreed that the separation should be final, and since it occurred the husband has contributed nothing to support the complainant, but she has supported herself and family by her own exertions, and lived separate and apart from him. The complainant purchased the premises in question in 1870, from money derived from her first husband's estate, and after the purchase she moved on the property with her children, and resided thereon five or six years, when she rented out the land and moved to a small town near by, for the purpose of schooling her son.

The statute provides that every householder having a family shall be entitled to an estate of homestead, to the extent in value of $1000, in the property occupied as a residence. There is no dispute in regard to the fact that complainant was a householder with a family, nor is it claimed that the premises exceeded in value $1000; but the position of the defendants, as we understand it, is, "while the husband lives, and the relation of husband and wife continues, the husband not having deserted or abandoned his family, no claim to a homestead can exist in the wife. It is for him, while living, to claim, if he chooses. If he does not, she can not. It is her duty * * * to reside with him; his domicile, in law, is hers." There is no doubt that where questions in regard to a divorce arise under our statute in reference to divorce, the domicile of the husband is the domicile of the wife, and the residence of the wife follows that of the husband, as held in *Ashbaugh* v. *Ashbaugh*, 17

Ill. 476; *Davis* v. *Davis*, 30 id. 180; *Kennedy* v. *Kennedy*, 87 id. 250.

But while it may properly be held, as was done in the case last cited, that the residence of the wife follows that of the husband, and when a husband acquires a new home it is the duty of his wife to go with him, and if she refuses without justification for two years, he will be entitled to a divorce, on the ground of desertion, yet it is manifest, on a moment's reflection, the doctrine announced can have no application whatever to a case where a wife may be asserting a homestead in premises occupied by her while she is residing separate and apart from her husband. It is true, complainant and her husband were not divorced, but at the same time they had separated finally, and she had for years supported herself and family by her own exertions.

In *Love* v. *Moynehan*, 16 Ill. 277, it was held, that where the husband compels the wife to live separate from him, either by abandoning her, or by forcing her, by whatever means, to leave him, and such separation is not merely temporary and capricious, but permanent, and without expectation of again living together, and the wife is unprovided for by the husband, she may acquire property, control her person, and acquisitions, and contract, and sue and be sued in relation to them as a *feme sole*, during the continuance of such condition.

If the wife, after a permanent separation, has the right to control her acquisitions as a *feme sole*, she doubtless could, if she had acquired a homestead, hold it as against a creditor. It is perhaps true, where the husband and wife are residing together, and a homestead is claimed, the husband is ordinarily the proper person to assert the right, and in such a case a homestead could not properly be set off to the wife; but where a final separation has taken place, no reason exists which would prevent a wife from claiming a homestead in premises acquired, as well as if she was sole and unmarried. Upon an examination of the statute, it will be found that the

protection of the act is not extended to a husband, or to the head of a family, but, on the other hand, the law declares that every householder having a family shall be entitled to an estate of homestead. Here the complainant was a householder and the head of a family, and the statute will have to receive an unnatural and a forced construction to hold that she is not entitled to protection, when she falls directly within its terms. The fact that complainant had a husband living, is not sufficient to deprive her of the rights given by the statute to a householder having a family. Her husband had refused to provide her with a home and with support. True, the separation was agreed upon, but it is apparent they could not live together in peace, and that he failed to provide her with a home, as it was his duty to do. Under such circumstances, after the separation she had the right to acquire and hold property in the same manner that she would had she been divorced, and when she purchased the premises in question, and occupied the same as a homestead with her family, she has the same right to claim the protection of the statute as any other householder.

We now come to the question of abandonment. It appears, from the evidence, that complainant resided on the premises about six years, until February, 1876, when she rented to a tenant, and moved to Louisville, a town about three miles distant, for the purpose of educating an invalid child. At the time she moved, she expressed an intention to return. When the lease was made, she reserved the right to move back at the end of the year. She did not move all her personal property away. She left farming implements, a loom, spinning wheel, bedsteads, etc. From the testimony, it is apparent complainant did not abandon the homestead. She left the premises for a temporary purpose, intending to return and make the place her permanent home. Where a person leaves a place which is occupied as a homestead, for a temporary purpose, intending to return, as was the case here, it can not be held that the homestead has been aban-

doned. *Hayes* v. *Hayes,* 74 Ill. 312; *Potts* v. *Davenport,* 79 id. 455.

From what has been said, it follows that the judgment did not become a lien on the premises, and the sale was unauthorized, and did not pass any title.

The decree dismissing the bill will be reversed, and the cause remanded.

*Decree reversed.*