## THE PEOPLE EX REL., ETC.,
### v.
## JAMES J. CONNELL.

Quo Warranto—*Eligibility to Office of County Judge—Citizenship—Domicile—Change of—Art. 6, Sec. 17, Constitution of Illinois—Evidence.*

1. To effect a change of domicile, there must be an actual abandonment of the first domicile, coupled with an intention not to return to it, and there must be a new domicile acquired by actual residence within another jurisdiction, coupled with the intention of making the last acquired residence a permanent home.

2. A husband may go to another State in quest of health for his wife and remain a considerable length of time without losing his residence in this State.

3. In a proceeding by *quo warranto* to test the right and eligibility of the relator to the office of county judge, under Art. 6, Sec. 17, of the Constitution of this State, it is *held*. That the election and commission of the relator raise a strong presumption of his eligibility; and that the evidence does not overcome this presumption.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Mercer County; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. JOHN C. PEPPER, for appellant.

" If a person has actually removed to another place with the intention of remaining there for an indefinite time, and as a place of fixed, present domicile, it is to be deemed his place

of domicile, notwithstanding he may entertain a floating inten-
tion to return at some future period." Story on Conflict of
Laws, par. 41, 42, 46 and 47. See also Hart v. Lindsey, 17
N. H. 295; Hairston v. Hairston, 27 Miss. 704; Warren v.
Thomaston, 43 Maine, 406; Gilman v. Gilman, 55 Me. 165;
Shelton v. Tiffin, 6 How. 163; Frost & Dickinson v. Brisbin,
19 Wend. 11; Whitney v. Sherborn, 12 Allen, 111; Colton
v. Longmeadow, 12 Allen, 598; Holmes v. Greene, 7 Gray,
299; Pitman v. Johnson, 10 Mass. 488; Thayer v. Boston,
124 Mass. 132; Lyman v. Fiske, 17 Pick. 234; State v.
Groome, 10 Iowa, 308; High's Appeal, 2 Doug. 515; Ring-
gold v. Bailey, 5 Md. 186; Hood's Estate, 21 Pa. State, 106;
Kashaw v. Kashaw, 3 Cal. 312; Smith & Armistead v. Croom
et al., 7 Fla. 81; Board of Supervisors v. Davenport, 40 Ill.
197.

Lord Campbell in the case of Aikman v. Aikman, 3 Macq.
H. L. Cases, 203, tersely gives the law as follows: "If a man is
settled in a foreign country in some permanent pursuit requir
ing his residence there, a mere intention to return on a doubt-
ful contingency will not prevent such residence in a foreign
country from putting an end to his domicile of origin."

Messrs. SWEENEY & WALKER, for appellee.

The term "residence" in its legal use has a more or less
restricted meaning, according to its application. Generally
it signifies what we understand by the home—domicile—the
permanent abode where one lives without any present and
absolute intention to change it and to which, whenever absent,
he intends to return. Hays v. Hays, 74 Ill. 314; Dale v.
Irwin, 78 Ill. 181.

The Constitution, with reference to eligibility for office, con-
templates a residence which is equivalent to home—domicile
—permanent abode. This is apparent from the length of time
prescribed. Smith v. The People, 44 Ill. 16; Wilkins v.
Marshall, 80 Ill. 74; Johnson v. The People, 94 Ill. 512. Resi-
dence and domicile are equivalent terms. McDaniel v. King,
5 Cush. 472; Smith v. Smith, 98 Mass. 160; Hays v. Hays, 74
Ill. 312; Love v. Cheney, 24 Iowa, 284; Hall v. Hall, 25 Wis.

607; Kellogg v. Supervisors, 42 Wis. 106; Wal'ace v. Lodge, 5 Brant. 507; Hallett v. Bassett, 100 Mass. 107; Harvard Coll. v. Gore, 5 Pick. 370; Spragins v. Houghton, 2 Scam. 396; Supervisors v. Davenport, 40 Ill. 197; Thorndyke v. Boston, 1 Met. 242; Sears v. Boston, 1 Met. 250; Gilman v. Gilman, 52 Me. 165.

Domicile or residence, once established, continues until abandoned and another of like character acquired in its stead. Hays v. Hays, 74 Ill. 314; Jemison v. Heapgood, 10 Pick. 77; Glover v. Glover, 18 Ala. 365; Hardy v. DeLeon, 5 Texas, 211; Leach v. Pillsbury, 15 N. Y. 137; Kilburn v. Bennett, 3 Met. 199; Sacket's Case, 1 Mass. 58; Alington v. Boston, 4 Mass. 312.

A change can only be effected by the union of intention and act. Smith v. People, 44 Ill. 16; Smith v. Croom, 7 Florida, 149; Desmare v. United States, 93 U. S. 605; Mitchell v. United States, 21 Wall. 350; C. & N. W. R. R. Co. v. United States, 117 U. S. 123.

It is a question of intention from all the facts and circumstances in the case. Kitchell v. Burgwin, 21 Ill. 44; Ives v. Mills, 37 Ill. 75; Walters v. The People, 21 Ill. 178; Smith v. The People, 44 Ill. 16; Smith v. Croom, 7 Florida, 200; Shaw v. Shaw, 98 Mass. 158; Hays v. Hays, 74 Ill. 312.

Conditional change on account of climate or other reason does not forfeit residence. Smith v. People, 44 Ill. 16; Wilkins v. Marshall, 80 Ill. 74; Kitchell v. Burgwin, 21 Ill. 40; Potts v. Davenport, 79 Ill. 45.

Declarations by a person relative to residence are admissible when made in and about his departure or in and about his going, or his remaining or returning. Wallace v. Lodge, 5 Ill. App. 507; Thompson v. Homestead, Sec. 269; Drake on Attachment, Sec. 54; Forbes v. Forbes, Kay, 341; Isham v. Gibbons, 1 Bradf. 69; Elder v. U. S. Ins. Co., 16 Johns. 128; Miner v. Clark, 33 Vt. 60; Fish v. Chester, 8 Gray, 50; Dupins v. Wartz, 53 N. Y. 556; Kilburn v. Bennett, 3 Met. 199; Gurgor v. Clark, 3 Ind. 250; Gilman v. Gilman, 52 Me. 165; Heill v. Crowley, 26 How. 413.

C. B. SMITH, J. This is a proceeding in *quo warranto*, brought by the people on relation of J. H. Ramsey against J. H. Connell to test his right and eligibility to the office of county judge of Mercer county, Illinois, to which he was duly elected at the November election, 1886.

The petition charges that the respondent intruded into and usurped the office of county judge of said county.

The respondent denies the allegation in the petition, and in his plea sets up his right to the office. No question is made by the relator as to the legality of the election, nor that respondent did not receive a majority of the votes. The only question raised is as to the eligibility of the respondent.

Sec. 17, Art. VI, of the Constitution of Illinois, provides that, "No person shall be eligible to the office of judge of the Circuit Court or any inferior court, unless he shall be twenty-five years of age and a citizen of the United States, nor unless he shall have resided in the State five years next preceding his election, and a resident of the circuit in which he shall be elected."

The petition alleges that the respondent had been a resident of Mercer county for many years, and that in the spring of 1882 he closed up all his business here, sold his home and moved with his family to the State of Colorado, went into business there and became a permanent resident of that State, and remained there until February, 1884, and that in that month and year he again returned to Illinois and was elected to the office of county judge in November, 1886, but that he was not qualified to hold that office by reason of not having been a resident of the State five years next before his election.

It is conceded that respondent left this State in 1882, and that he remained away substantially all the time until 1884; that he sold his property here, and upon his arrival in Colorado he formed a co-partnership in Pueblo for the practice of law, and that he was admitted to the bar there, after making an affidavit that it was his intention to become a citizen of that State; that after the dissolution of his first partnership he formed another partnership for the practice of law and con-

tinued in that relation for about a year; that during the time
of his absence he in fact practiced law in the courts as a resi-
dent attorney, and to all appearances a permanent citizen and
resident of Colorado.   The petition relies on these admitted
facts as being conclusive against the respondent's citizenship
and residence in this State for the required length of time to
entitle him to hold the office.

While the respondent admits the foregoing facts, he denies
these conclusions against him, and denies that it was ever his
intention to abandon his residence in this State, except on the
condition that it should be found that his wife's health could
be permanently improved by a residence in Colorado, and also
that it should be further ascertained that she could not safely
return to Illinois.   It appears from the proof that the respond-
ent's wife's health was in a failing condition.   She had been
receiving medical treatment in Quincy, but without benefit,
and had returned home.   Her husband and family became
alarmed at her condition, and the advice of the family physi-
cian was sought.   He did not think she could live in Illinois,
and advised a visit of at least two years' length to Colorado,
then supposed to have a climate favorable to those having
pulmonary trouble.   But Colorado was a long way off, and
respondent was not willing to send his wife so far away
alone, in her feeble condition.   She needed his care and society,
and he finally determined to sell out and go with her, and make
a trial of the climate on his wife's health, and if it should prove
permanently advantageous to her, and it should not be safe for
her to return to Illinois, then he should make Colorado his
permanent home; otherwise he should return to Illinois.
Before and about the time he left he declared on many occa-
sions and to many different persons, both orally and by letter,
that his trip west was to be only experimental and his stay
conditional, depending on his wife's health.   On his way to
the west he stopped at different places and made the same
statement to his friends whom he visited on the road.   After
he went to Colorado he wrote letters to the same effect.   On
different occasions while in Colorado he refused to vote,
although being pressed to do so, placing his refusal on the

ground that he was not entitled to vote, and that he did not desire to put himself in an attitude to lose his residence in this State.

Respondent swears that it never was his intention to permanently abandon his residence in Illinois, unless the requirement of his wife's health made it necessary for him to do so, and that that was the sole condition of his remaining away. After being there about two years he was advised by his wife's physician that she had realized all the benefit from the Colorado climate which she was likely to receive, and it was thought she might safely return to Illinois. Some time after this communication to him, he and his wife were called back to Aledo, Illinois, their former home, on account of the death of his wife's father. After a somewhat protracted visit, it was thought that his wife might again safely live in Illinois. She then remained here through the winter, and seemed to suffer no inconvenience from the climate. It was then decided that she should remain here and respondent go back to Colorado and close up his business, which he did, and then returned again to Illinois. A great deal of testimony was taken on the trial concerning the declarations and acts of respondent, which we shall not attempt to go over or to discuss in detail. After a careful consideration of all the evidence, we are satisfied that the relator entirely failed to establish the charge of ineligibility, and that the respondent furnished satisfactory proof that he never did form a settled purpose to abandon the State, but that it was all the time his intention to return to Illinois upon the restoration of his wife's health. This purpose was declared by him long before there could have been any purpose on his part to manufacture testimony for himself. Upon questions of residence the acts and conduct of a party are always entitled to great weight, but they are not conclusive. These acts may be explained by his declarations at the time of doing the acts as parts of the transaction, so that from the acts and declarations made when there can be no purpose or object to fabricate evidence, the real intention of the party may be ascertained.

The acts done by respondent in this case, unexplained, would

The People v. Connell.

certainly make a strong case against him, but the explanation for all these acts seems to us to be fair and reasonable, and consistent with a purpose not to abandon his home in Illinois unless the requirements of his sick wife should make it necessary for her to remain permanently away from her old home and her family. We hold that a husband may go from one State to another in quest of health for his wife, and remain there a reasonable length of time for that purpose, without losing his residence. Great stress is laid by the relator upon the fact that respondent sold all his property in this State, and upon reaching Colorado bought him a library suitable for the demands of the practice in that State, and that he did go into business there and engaged in the practice of his profession. Respondent says he was compelled to do these things to provide means to support himself and wife while living there. This action being of a criminal nature, the proof of usurpation must be clear and satisfactory. Smith v. The People, 44 Ill. 16.

The election and commission of relator raise a strong presumption of his eligibility, which must be overcome by the proof. Smith v. The People, 44 Ill. 16. " To effect a change of domicile there must be an actual abandonment of the first domicile, coupled with an intention not to return to it, and there must be a new domicile acquired by actual residence within another jurisdiction, coupled with the intention of making the last acquired residence a permanent home." Hays v. Hays, 74 Ill. 312. Under the last above rule laid down, we think the proofs fail to show that the relator ever gained a permanent residence in Colorado, or that he lost his residence in Illinois.

We think the finding and judgment of the court below was correct, and the judgment is affirmed.

*Judgment affirmed.*