## Ella R. Hutchings v. William Hutchings et al.

WIDOW'S AWARD—*who not entitled to.* A widow who is not "residing in this state" within the meaning of the statute is not entitled to an award. *Held,* under the facts in this case, that the widow claiming the award was not a resident of this state.

Objections to appraisers' estimate. Appeal from the Circuit Court of Fulton county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

. D. ABBOTT, for appellant.

HARRY M. WAGGONER, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Ella R. Hutchings, appellant, widow of William H. Hutchings, deceased, claimed a widow's award in the County Court of Fulton county, Illinois, where such proceedings were had that an appeal was taken to the Circuit Court of that county where there was a trial which resulted in a holding to the effect that the appellant was not entitled to any award, upon the ground that she was not "residing in this state," as required by section 74 of chapter 3 of the Revised Statutes of Illinois. Ella R. Hutchings brings the case to this court by appeal.

Appellant contends that at the time of the death of William H. Hutchings, he was a resident of the State of Illinois and that his domicile was the domicile of his wife, and therefore she was, in contemplation of the statute, a resident of the State of Illinois, although she had kept house in St. Louis for over a year prior to his death and was residing there at the time of his death, and cites in support of that contention the case of Hayes v. Hayes, 74 Ill. 312.

If at the time of the death of William H. Hutchings

he had owned or controlled a permanent home in Illinois, in which he resided, or to which he intended to return to live, if away from the same temporarily, then his home would have been the home or domicile of appellant, in the sense in which that term is issued in said section 74. In the case cited Hayes had a homestead in Rock Island, Illinois, which he rented with a part of his furniture and in which he stored the balance. This homestead he owned at the time of his death. The court found that he was away from his home temporarily with the intention of returning to it, and with no intention of making a home elsewhere. In that case the court say: "In a strict legal sense, that is properly the domicile of a person where he has his true, fixed permanent home and principal establishment and to which, whenever he is absent, he has the intention of returning."

Tested by the rule so announced in that case, upon which appellant seems to rely, we do not think that Hutchings, at the time of his death, had such a permanent or fixed home in Illinois; that under the circumstances shown in evidence the residence or domicile of appellant was in this state as claimed by her in her petition for award.

It is not claimed that deceased ever owned a home of any kind in Illinois, while upon the other hand the evidence shows him to have been a man who lived in many different cities, owning no home in any of them and who moved from place to place whenever his employment made a change desirable.

The appellant and deceased were married in October, 1896, and went to LaHarpe, Illinois, where they lived until February, 1898, when they moved to Roodhouse, Illinois. There they remained until the 18th of August, 1898, when they moved to Whitehall, Illinois, where appellant engaged in the millinery business. In the summer of 1901, after deceased had assisted appellant in selling her stock in trade at Whitehall she moved to St. Louis, Missouri, for the

purpose of running a rooming house during the World's Fair, where she has ever since remained.

In July, 1901, deceased went to Galesburg, Illinois, where he and a daughter, who came to visit him from California, boarded until some time in February, 1902, when the daughter returned to her home in California. In May, 1902, deceased left Illinois, and went to St. Louis, where he stayed for a while with appellant and then went to California. In August he went from California to Australia, and in November, 1902, on his return trip from Australia, was lost at sea.

Appellant argues that deceased had a home in Canton, Illinois, alleging that he had a room there in which he kept a trunk and some pictures and said to different persons that Canton had been and was his home, but these acts upon the part of deceased cannot be held to be of that permanent and fixed character necessary to constitute a true home, or such a home of deceased that it, in law, would draw to it that of the wife who had seemingly established another home in a sister state.

Appellant herself never lived in Canton, Illinois, but after her marriage lived in three other and different cities in Illinois, after which she moved with the help and consent of deceased to St. Louis, where she has ever since remained.

The last place in which appellant and deceased ever lived together was in St. Louis, Missouri, where he left her to go to California and Australia.

We are of the opinion, under all the evidence, that if Hutchings and his wife can be said to have had any home at the time of his death, it was in St. Louis, Missouri; and that neither one of them had any fixed or settled purpose to return to Illinois.

Appellant was not "residing in this state" within the meaning of section 74 of chapter 3.

The judgment of the court below was right and is affirmed.

*Affirmed.*