MARION RAYNER v. JOHN RAYNER.

*Divorce—Ill-treatment—Conduct after filing bill.*

Ill-treatment soon after marriage, if followed by a peaceable and on the whole harmonious life for many years, can be given little weight in a suit for divorce for cruelty.

Expressions used by the defendant in divorce after the bill is filed are not entitled to consideration.

Appeal from Gratiot. Submitted Jan. 3–4. Decided Jan. 10.

BILL for divorce. Defendant appeals. Reversed.

*T. W. Whitney* for complainant.

*James Paddock, James K. Wright* and *Tarsney & Weadock* for defendant. Ill-treatment does not justify divorce unless it amounts to extreme cruelty : *Cooper v. Cooper* 17 Mich. 205 ; violence done during a quarrel is not enough : *Soper v. Soper* 29 Mich. 305 ; nor is a single act of cruelty ; *Hassell v. Hassell* 34 Am. 298 ; *Graecen v. Graecen* 1 Green Ch. (N. J.) 459 ; nor occasional sallies of

passion unless they threaten bodily harm : *Rhame v. Rhame*
16 Am. Dec. 597 ; *Poor v. Poor* 29 Am. 664 ; nor a single act
of personal violence unless farther violence may be reasonably
apprehended if cohabitation continues : *Cook v. Cook* 3 Stockt.
195 ; divorce is not granted in Kentucky for ill-treatment
unless it endangers the wife's life : *Thornberry v. Thornberry*
2 J. J. Marsh. 322.

MARSTON, J. While the evidence in this case does not
show the defendant to have at all times acted in the most
amiable way towards his wife, yet it is not of that clear and
satisfactory character that is considered requisite to enable
a court to dissolve the marriage relation between the parties.
What took place between the parties shortly after the mar-
riage is so remote in point of time, in view of their peace-
able and on the whole harmonious life· for so many years
afterwards, that we can give it but little prominence. Some
of the expressions relied upon are to say the least ambiguous,
dependent upon the surrounding circumstances to give them
tone and character, and thus show whether in jest or other-
wise, while others were made after the bill was filed and are
not entitled to consideration. The charge of cruelty most
strongly relied upon, we cannot safely say has not been
magnified and made to appear in a worse light than a true
narration would justify.

We must therefore in view of all the facts reverse the
decree and dismiss the bill. The complainant will be
allowed the sum of $500 for support during the pendency
of this case and for expenses therein.

The other Justices concurred.