SCHMOLTZ *v.* SCHMOLTZ.

1. WRITTEN CONTRACTS—RATIFICATION—ESTOPPEL.
   One cannot ratify a written agreement, and at the same time assert a different parol one.

2. HUSBAND AND WIFE—CONTRACT OF SEPARATION—FRAUD—CONTINGENT INTERESTS—JURISDICTION OF LAW COURT.
   Since a wife has not a present subsistent, but only a contingent, interest in personal property owned by her husband, misrepresentation by him as to the value of such personalty, whereby she is induced to execute a contract of separation upon terms which, but for the misrepresentation, she would not have agreed to, will not entitle her to sue at law to recover her damages.

3. FRAUD—SUFFICIENCY OF ALLEGATIONS.
   An allegation that one defendant told plaintiff that the other defendant deemed certain land to be worth a specified amount, which was in fact worth more than that, is insufficient to support a charge of fraudulent misrepresentation as to the value of the land.

Error to Ionia; Davis, J. Submitted April 7, 1898. Decided May 6, 1898.

Case by Jennie B. Schmoltz against Frank E. Schmoltz and Jacob Schmoltz for deceit and conspiracy to defraud. From a judgment for defendants on demurrer to the declaration, plaintiff brings error. Affirmed.

Plaintiff and defendant Frank E. Schmoltz are husband and wife. They were married in 1888. They have one child, about eight years old. They lived together as husband and wife until January 2, 1897, when they separated. Two days after, they made an agreement of settlement. The agreement recited that unhappy differences had arisen between them; that they had determined to live separate and apart; that they had ceased to cohabit as husband and wife, but had lived in the same house until January

2, 1897; that in consideration of $800 paid to her by her husband, and certain personal property to be retained and owned by her as if she were a single woman, she agreed to join him in the deed of a house and lot in the city of Ionia to defendant Jacob, the father of defendant Frank. She further agreed to release him from any claim for her support and maintenance during her life, and all right of dower, and all claim or interest in any personal property that he might then own or might thereafter accumulate. He further agreed to pay $52 a year towards the support and maintenance of their child until she should be 14 years old.    This agreement was carried out.    This suit is based upon fraud and deceit on the part of defendant Frank in securing this settlement.    The alleged deceit consists in misrepresentations as to the amount of property owned by him, and as to the value of the lot conveyed to defendant Jacob.    The declaration also alleges conspiracy between the defendants to cheat and defraud the plaintiff out of her just rights.    The declaration contains three long counts.    They are substantially the same, and it is unnecessary to further state the cause of action.    The case is before us on a judgment sustaining a demurrer to the declaration.

*A. A. Ellis*, for appellant.

*McGarry & Nichols*, for appellees.

Grant, C. J. (*after stating the facts*).    Counsel for the plaintiff states his position as follows:

"The action in this case is not brought upon the contract, but is upon the theory that the contract is valid, and the action is for the fraud committed in making the contract, and inducing the plaintiff to release without receiving the compensation, and in causing her to execute a written release that did not express the true consideration between the parties."

In other words, she affirms the contract, retains all the benefits which she has obtained from it, and asserts that

she would not have made it had she not been misinformed by her husband as to the amount of his property, and now seeks to have a jury or court give her an additional amount. Her declaration asserts that the parol agreement was that she should have one-half of his property, but such is not the written agreement. She ratifies that, and cannot be heard to assert a different one. If it did not contain the actual agreement of the parties, her appropriate remedy is in equity, to set it aside or to reform it. The only theory, therefore, before us, is that he misrepresented to her the amount of his personal property; that she would not have made the contract had she been fully informed, and is therefore entitled to damages for such misrepresentation.

What interest has she in the personal property? Only that which comes from the marital relation. The title was in him, not in her. She has no salable interest. He could sell and convey it without her consent. The household goods were divided between them, he taking certain specified articles, and she taking the rest. There is no way to determine what her interest in the property is. She had no present subsistent interest to be damaged. A court of law cannot determine whether the separation was due to his or her fault, with a view to determining how much she ought to have. That subject belongs exclusively to a court of chancery. They have concluded to separate, and, by the agreement of separation, have fixed their rights. She relinquished her right to support, and he to her services and society. Both recognized the duty to support the child, and agreed how much he should contribute towards it, and that she should contribute the rest. Under like circumstances, this court said:

"The consideration for the conveyance embraced matters incapable of any accurate estimate in money, and the consideration named by the parties must therefore be taken and deemed to be the valuation placed upon it by themselves." *Randall* v. *Randall*, 37 Mich. 563, 574.

What shall be the measure of damages if she be entitled

to recover? Shall it be such alimony as the jury may think she is entitled to have if they find she is not at fault? Shall it be one-third or one-half of his property, or what she would be entitled to upon his death? Alimony rests entirely in the judgment of a court of equity, and depends upon the condition and situation of the parties,—the necessities and property of the wife, and the conduct and abilities of the husband. It thus appears that plaintiff had no valid subsistent rights or interests in her husband's property, but only contingent ones, and such cannot be made the subject of a suit at law for damages. The court correctly held that the declaration set forth no damages which she was entitled to recover in a suit at law. *Hutchins* v. *Hutchins,* 7 Hill, 104; *Adler* v. *Fenton,* 24 How. 407.

There is no allegation in the declaration that defendant Jacob made any representation whatever to her, either as to the value of the lot or as to the amount of the personal property, or that he said anything to her to induce her to make the agreement. The sole allegation in regard to Jacob is that Frank said to plaintiff that defendant Jacob deemed the lot to be worth $1,600, while she alleges it to be worth $2,000. This is not a sufficient allegation upon which to base a charge of fraud or conspiracy or misrepresentation of the value of the land.

The judgment is affirmed.

The other Justices concurred.