NICHOLS *v.* NICHOLS.

1. DIVORCE—ALIMONY—SEPARATE MAINTENANCE—CONTRACTS.
    Without granting a divorce from bed and board or from the
    bonds of matrimony, the court may not decree alimony out
    of the estate of the husband in favor of the wife, who has a
    contract for separate maintenance. 3 Comp. Laws, § 8638.

2. CANCELLATION OF INSTRUMENTS — CONTRACTS — SETTING ASIDE
    INSTRUMENTS—PROCEEDINGS TO RESCIND—HUSBAND AND WIFE.
    In a suit by the husband for divorce on the ground of extreme
    cruelty, wherein he set up in his bill of complaint that they
    had lived separate for a number of years under a written
    agreement that provided for payments of alimony to the wife
    at stated periods, a cross-bill setting up the agreement, charg-
    ing that it was unfair and unconscionable, presented matter
    germane to the bill, and warranted the court in setting aside
    the agreement.[1]

3. SAME.
    Although the husband, whose bill was dismissed, did not ap-
    peal, and the question of a right to a divorce was not before
    the Supreme Court, it was competent to consider the ques-
    tion of the fairness of the agreement, and, if unconscionable,
    to cancel it, notwithstanding that the wife had never re-
    scinded it, and had accepted money paid in pursuance of its
    provisions.

4. SAME.
    *Held,* that $7 a week for the wife was insufficient and the
    agreement unconscionable, where the husband had property
    worth upwards of $28,000 and a yearly income of more than
    $1,200.

Appeal from Macomb; Tappan, J., presiding. Sub-
mitted January 26, 1912. (Docket No. 28.) Decided
March 29, 1912.

Bill by George H. Nichols against Elizabeth Nichols
for divorce. Defendant filed a cross-bill praying that the

---

[1] Validity of agreement between husband and wife renouncing
marital rights, see note in 12 L. R. A. (N. S.) 848.

court set aside a separation agreement existing between herself and husband. From a decree dismissing bill and cross-bill, defendant appeals. Modified and affirmed.

*Sloman & Sloman*, for appellant.

*Lucking, Emmons & Helfman* and *Erskine & Lungerhausen*, for appellee.

OSTRANDER, J. Complainant asked for a decree of divorce. Defendant, in a cross-bill, asked for a disclosure of the property and income of complainant, that a certain agreement entered into by the parties, providing for her support and that of her child, be found to be unconscionable, to have been procured by fraud and duress, and be ordered to be set aside, and that complainant be required to provide for the suitable support and maintenance of the defendant and her child. There was a prayer for other and further relief. The decree dismissed the bill. It also dismissed the cross-bill without prejudice. The litigation has been carried on at considerable expense to complainant, and the decree requires him to make further payments on account of expenses and solicitor's fees. Defendant has appealed. Complainant has not appealed. We are concerned, therefore, only with whether any, and if any, what, relief should have been granted defendant upon her cross-bill, and with the amount of costs and expenses which complainant ought to pay.

The parties are still husband and wife. The cross-bill does not seek to disturb that relation. The relation is affected, of course, by the agreement for the separate maintenance of the wife. Since it was made, both parties have acted in accordance with its terms. They have lived apart and the husband has paid, and the wife accepted, the sums agreed upon.

A divorce from the bonds of matrimony, or one from bed and board, is necessary before the court may further decree to the wife alimony out of the personal or real estate of the husband. 3 Comp. Laws, § 8638. No divorce

has been granted, and none is now sought. It is clear, therefore, that the court may not reform the agreement made by the parties, nor, if it is set aside, make any provision in lieu thereof for the separate maintenance of the wife.

Whether the court ought to set aside the agreement, as it is asked to do, depends, first, upon whether such relief is at all germane to the issue tendered by the bill of complaint and so a proper subject to be brought forward by cross-bill, and, second, upon general equities disclosed by the testimony. The subject-matter of the suit is the marital relations of the parties and whether such relations as existed should be terminated or amended or should continue. The agreement for a separation and for maintenance of the wife was not made by the court and was not for that reason one which the court might amend or set aside. But, although it was a private arrangement of the parties, it was one which the court would be bound to consider in case a divorce was granted, and was therefore a matter proper to be brought upon the record, either by the bill or by the answer. It is charged in the bill that the parties are living separate and apart from each other. It was proper to set out in the answer and cross-bill the arrangement for such separate living. While the matter is not entirely free from doubt, we hold that the court had jurisdiction to set aside the arrangement for a separation, although refusing to grant a divorce to complainant.

We come then to consider the equities. The evidence does not sustain the contention that the defendant was induced, by coercion or by duress, to make the agreement. It was a voluntary arrangement. The contract is not void. It was said in *Randall* v. *Randall*, 37 Mich. 563, 571:

"When a separation has actually taken place, or when it has been fully decided upon, and the articles contemplate a suitable provision for the wife and children, or an equitable and suitable division of the property, the benefits of which both have enjoyed during the coverture, no

principle of public policy is disturbed by them; on the contrary, if they are fair and equal, and are not the result of fraud or coercion, reasons abundant may be found for supporting them, in their tendency to put an end to controversies, to prevent litigation, and to give to the wife an independence in respect to her support which without some such arrangement she could not have, under the circumstances."

See, also, *Schmoltz* v. *Schmoltz*, 116 Mich. 692 (75 N. W. 135); *Metcalf* v. *Tiffany*, 106 Mich. 504 (64 N. W. 479). The contract was made in April, 1909, and has been performed according to its terms. These facts furnish reasons for refusing to set aside the agreement.

It is said that the arrangement is an unconscionable one because it is unfair to the wife. The provision for her benefit secures to her the sum of $7 a week for her life and the payment of her funeral and burial expenses. The complainant's bill was filed in October, 1909, and the cross-bill in November of the same year. Defendant, although praying that the agreement be set aside, did not rescind the agreement, since, as we understand the facts, she has since accepted the sums of money paid pursuant to the agreement. But the matter was put in issue. We think we are not precluded from considering whether the provision was a fair one. *Bechtel* v. *Barton*, 147 Mich. 318 (110 N. W. 935).

Complainant is worth, in productive and unproductive property, at least $28,620, and has a net annual income of $1,248. The provision for the wife and for the support of the son until he is 14 years of age amounts to one-half of the net income. Leaving out of consideration the provision for the child, we are all of opinion that the sum of $7 weekly is not a fair and equal provision for the support of the wife, who is no longer young. We rest our conclusion here, with no attempt to determine which of the parties is to be blamed for the condition which resulted in a separation. The agreement is set aside. The decree will provide for a release of the securities deposited pur-

suant to the terms of the agreement. With this modification, the decree of the court below is affirmed.

For expenses and for solicitor's fees the complainant has already been ordered to pay to defendant $635. For the purpose of presenting in this court the only questions determinable on appeal, the record is unnecessarily long, and what is contained in it might have been greatly consolidated by eliminating questions and colloquies. Defendant will recover the costs of this appeal to be taxed, but the costs of printing the record will be limited to 300 pages. In addition to the taxable solicitor's fee, defendant is allowed $100.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, BLAIR, and STONE, JJ., concurred. BIRD, J., did not sit.