## McGEAN v. PARSONS et al.

(Supreme Court, Appellate Division, First Department. April 4, 1912.)

1. HUSBAND AND WIFE (§ 278*)—SEPARATION AGREEMENT.

     A separation agreement need not, in order to be valid, contain a statement that the parties had separated; its validity depending on the existence of the separation as a fact, and not upon a recital thereof in the contract.

     [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1046–1053; Dec. Dig. § 278.*]

2. HUSBAND AND WIFE (§ 281*)—SEPARATION AGREEMENT—ACTION—JUDGMENT—FUTURE PROVISIONS.

     An obligation to pay a wife a certain amount annually in monthly installments, pursuant to a separation agreement, is contractual, and cannot be enforced by contempt proceedings, so that, in an action to recover monthly payments due thereunder, it was improper for the judgment to provide for the payment of future monthly installments.

     [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1061; Dec. Dig. § 281.*]

Appeal from Special Term, New York County.

Action by Edward J. McGean, as trustee for Catherine C. Parsons, against William E. Parsons, Jr., impleaded. From a judgment for plaintiff, defendant named appeals. Affirmed, as modified.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

·H. Aplington, for appellant.
John V. Judge, for respondent.

MILLER, J. The defendants are husband and wife. Having separated, they entered into an agreement on the 18th of February, 1890, through the medium of the plaintiff as trustee, by the terms of which the appellant, the husband, agreed to pay $1,200 a year in monthly installments for the support and maintenance of the wife and two children, of whom the wife was to have the care and custody, and the trustee agreed to save the said appellant harmless from all debts thereafter contracted by the wife. The appellant made the stipulated payments up to May, 1910. The suit was brought in equity to reform

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the agreement, by inserting a recital that the parties had separated, claimed to have been omitted by mutual mistake, and to recover the amount of the monthly payments due. The judgment appealed from directs the defendant to pay the sum of $1,700, the amount due on October 1, 1911, with interest, and the sum of $100 on the 1st day of each month in the future, according to the terms of the agreement.

[1] While there was no recital on the subject in the agreement, the undisputed evidence shows that the defendants had separated and were living apart when the separation agreement was made. The plaintiff evidently thought that it was necessary to reform the agreement, and so brought the action in equity; but the validity of the agreement depended upon the existence of the fact, not upon a recital of it. The appellant did not raise the question that the plaintiff had an adequate remedy at law to recover the monthly installments due. See Clarke v. Fosdick, 118 N. Y. 7, 22 N. E. 1111, 6 L. R. A. 132, 16 Am. St. Rep. 733. Nor did he request a jury trial.

[2] However, the provision of the judgment directing monthly payments in the future was plainly improper. The obligation of the defendant is a contract obligation, not to be enforced by contempt proceedings. Greenleaf v. Blakeman, 40 App. Div. 371, 58 N. Y. Supp. 76, affirmed 166 N. Y. 627, 60 N. E. 1111, was an action for the specific performance of an agreement to give security.

The judgment should be modified, so as to provide only for a money judgment for the installments due, and, as thus modified, affirmed, without costs. All concur.