## Etta L. Hill, Appellee, v. Harmey B. Hill, Appellant.
## (Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon.
JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the
April term, 1914. Affirmed. Opinion filed October 16, 1914. Re-
hearing denied November 6, 1914. *Certiorari* denied by Supreme
Court (making opinion final).

## Statement of the Case.

Bill by Etta L. Hill against Harmey B. Hill for
separate maintenance. The bill alleged that the com-
plainant was married to defendant on September 2,
1906; that she lived with him as his wife until about
May 1, 1913, when he abandoned her without fault on
her part; that since said time he has refused and
neglected to treat her as his wife; that on September
3, 1908, a male child was born to them, whose name is
Glen Bernard Hill, who is still living; that he is now
forcibly held and retained in the custody of defendant
contrary to the wishes of complainant and contrary
to a certain agreement entered into between them;

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number,

and that defendant is an unfit person to have the care and custody of said infant son. The bill also alleged various acts of cruelty towards her on the part of defendant and that defendant in December, 1912, induced her to sign and acknowledge a certain contract, by the terms of which complainant and defendant were to reside separate and apart and by which defendant binds himself to pay complainant upon the execution of the same the sum of $50 and thereafter on the twenty-seventh of each and every succeeding month, the said sum of $50 for the support and maintenance of complainant, and by further provisions the care of the minor child, Glen Bernard Hill, was provided for. It was charged that such agreement was procured by means of fraud practiced by defendant. The bill further charged that appellant enjoys an income of from $5,000 to $10,000 a year and that the complainant has no means, and that defendant failed to carry out the terms of his said agreement with her and that he forcibly took from her the said infant son, Glen Bernard Hill. The prayer of the bill is that defendant be required to pay complainant a sufficient sum of money to enable her to defray the costs and expenses of carrying on her suit against him, and that the court find upon final decree that she was living separate and apart from defendant without her fault; that she be given the custody of the minor child and a sufficient sum of money to enable her to live according to her station in life; that said contract be set aside and that defendant be enjoined from taking said minor child out of the jurisdiction of the Circuit Court of Sangamon county.

The answer of defendant admitted the marriage, birth of the child, and that said child is in the custody of the defendant; denied that he is living separate and apart from complainant without her fault and averred that complainant is living separate and apart from him by reason of her own wrongful and improper conduct; and that by reason of her own wrongful and

improper conduct he entered into the agreement pleaded in her bill of complaint in December, 1912, under which agreement complainant was to reside separate and apart from him and was to receive from him the sum of $50 each month for her support and maintenance and was to have in her charge, subject to the supervision of defendant, the said infant child, Glen Bernard Hill; denied that complainant was induced to enter into said contract by virtue of any fraudulent conduct or acts on his part, but averred that complainant entered into said contract voluntarily and with a full understanding of the terms and conditions thereof; denied that he has been guilty of improper conduct and cruel treatment with respect to complainant; denied that he is not a fit person to have the care and custody of the child and averred that complainant, owing to her condition of health, is not a fit person to have the care and custody of said child.

A decree was rendered finding that complainant had sustained the allegations of her bill and that she was living separate and apart from defendant without her fault, and allowing her separate maintenance and the custody of the infant child, and decreeing that she be paid the sum of $50 per month. To reverse the decree, defendant appeals.

HARDIN W. MASTERS and THOMAS D. MASTERS, for appellant.

W. ST. J. WINES, for appellee.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

## Abstract of the Decision.

1. HUSBAND AND WIFE, § 264*—*when evidence shows living apart without wife's fault.* In a suit for separate maintenance, evidence *held* sufficient to sustain a finding that the parties were living apart

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

without the wife's fault, where it appeared that they had lived to-gether for six years and during that time the wife had been pregnant four times, which resulted in three miscarriages and one birth, that she underwent two surgical operations necessitated by birth of the child, which rendered her nervous and petulant, and that during those times the husband, instead of treating her with kindness and forbearance, was guilty of conduct which was cruel, unkind and shameful.

2. Husband and Wife, § 212*—*when separation agreement enforceable.* Articles of separation making a provision for the wife should be upheld by a court of equity, if it appears that it was fairly and voluntarily entered into free from any sort of coercion, duress or fraud, and it further appears that the provision for the wife was fair and equitable in view of the property of the husband, the needs of the wife and their station in life.

3. Husband and Wife, § 223*—*effect of separation agreement on right to maintain bill for separate maintenance.* A decree of separate maintenance finding that the court had jurisdiction of the subject-matter of complainant's bill and that she had the right to maintain the same, *held* not improper because of the fact that the parties had entered into a separation agreement, where the contract was unfair and inequitable to the complainant, and it appeared it was executed under a misunderstanding on her part of its terms and meaning while she was in a nervous condition of mind brought about by the cruel and unkind treatment of the husband, and it also appeared that the husband had breached the contract by refusing to make payments for her support.

4. Husband and Wife, § 243*—*when allowance for wife's separate maintenance not excessive.* A decree in a separate maintenance proceeding ordering the husband to pay the wife $50 per month, *held* not excessive where it is admitted by the husband that he enjoys an income of $250 per month.

- 5. Husband and Wife, § 239*—*power of court in making allowance for wife.* Fixing the amount of alimony in a separate maintenance proceeding rests in the sound discretion of the court, having reference to the conditions of the parties in life and the circumstances of the case.

6. Husband and Wife, § 264*—*when finding as to custody of child sustained by evidence.* In an action for separate maintenance, a finding that it would be for the best interest of an infant son that the wife have his custody, care and control, *held* warranted by the evidence.