MARGARET A. THOMPSON, Appellant, *v.* WILLIAM A. THOMPSON, Respondent.

Second Department, June 8, 1917.

Husband and wife — agreement by husband to pay wife a certain sum per month executed prior to divorce — specific performance — adequate remedy at law.

A plaintiff divorced from her husband in another State is not entitled to enforce by specific performance an agreement made after the parties separated and before the divorce whereby the defendant agreed to pay. her for her life or until her remarriage, a certain sum per month, as she has an adequate remedy at law.

APPEAL by the plaintiff, Margaret A. Thompson, from an order of the Supreme Court, made at the Westchester Special

Term and entered in the office of the clerk of the county of Westchester on the 24th day of January, 1917, granting defendant's motion for judgment on the pleadings, consisting of a complaint and the answer thereto.

*Xenophon P. Huddy*, for the appellant.

*W. Cleveland Runyon*, for the respondent.

PER CURIAM:

The plaintiff, divorced from her husband in the State of Pennsylvania, would enforce specific performance of an agreement made after the parties separated and before the divorce, whereby the defendant agreed to pay her for her life or until her remarriage a sum of money measured by his income, but never less than $75 per month, or if his income became less than $2,700, then one-third of his income. The court will not enforce specific performance merely to save a multiplicity of suits (*Town of Venice* v. *Woodruff*, 62 N. Y. 462, 470), or because the defendant's exempt property cannot be taken on execution or to enforce an agreement such as that in question. (*McGean* v. *Parsons*, 150 App. Div. 208; *Buttlar* v. *Buttlar*, 57 N. J. Eq. 645.) It is no longer necessary to resort to equity, as the plaintiff has an adequate remedy at law. (*Winter* v. *Winter*, 191 N. Y. 462.) So far as *Fleming* v. *Peterson* (167 Ill. 465) tends to sustain appellant's view, it is not approved.

The order is affirmed, without costs.

JENKS, P. J., THOMAS, STAPLETON, MILLS and RICH, JJ., concurred.

Order affirmed, without costs.