## MELROSE *v.* BESSER ET AL.

[No. 11,028. Filed November 29, 1921.]

1. SPECIFIC PERFORMANCE. — *Contracts.* — *Necessary Parties.* — *Assignee of Contract.*—In an action for the specific performance of a contract for the sale of real estate, one claiming to be the assignee of the contract was both a necessary and proper party to the action, and, under §§273, 278 Burns 1914, §§272, 277 R. S. 1881, it was proper for the court to admit such person as a party defendant. p. 7.

2. HUSBAND AND WIFE.—*Separation Agreements.—Validity.*—An agreement of separation between a husband and wife whereby he provides for her separate maintenance, and she covenants to release all her claims upon his estate, is lawful, and not in contravention of public policy. p. 8.

3. HUSBAND AND WIFE.—*Separation Contract.—Assignment of Sales.—Contract.—Validity.*—A separation and settlement

agreement made between husband and wife in pursuance to which the husband assigned an executory contract for the purchase of real estate to the wife in lieu of all her claims for maintenance or alimony, being neither unlawful nor in contravention of public policy, was neither void nor voidable. p. 8.

From Jasper Circuit Court; *Moses Leopold,* Special Judge.

Action by Frank Melrose against Emil Besser, in which Dessie Melrose was admitted as a party defendant and filed a cross-complaint. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*John A. Dunlap,* for appellant.
*Jasper Guy* and *Abraham Halleck,* for appellees.

NICHOLS, P. J.—This was an action to review a proceeding had in the Jasper Circuit Court wherein appellant was plaintiff and appellees were defendants, in which original action the plaintiff sought to compel the defendant Besser to convey to said plaintiff certain real estate which Besser had contracted by written contract to sell to the said Melrose, the plaintiff in said action alleging full performance on his part, bringing the balance due under said contract into court, and demanding a deed of conveyance according to the terms of said contract. The defendant Dessie Melrose contended that said contract had been transferred by assignment to her. The action as originally brought was against the defendant Besser; upon application of the defendant, Dessie Melrose was admitted as a party defendant. Both defendants filed answer and Dessie Melrose filed a cross-complaint seeking to have said contract reformed and to compel the defendant Besser to execute a conveyance of said real estate to her. Upon answers being filed, said cause was submitted which resulted in a finding for the defendants and on the cross-complaint of Dessie Melrose in her favor.

The court sustained the separate demurrers of the appellees to appellant's complaint for review, and there was judgment that the plaintiff take nothing by his action for review, and that he pay the costs thereof.

Appellant on appeal assigns as error that the court erred in sustaining the separate demurrers of the appellees to appellant's complaint.

The substantial facts involved in the court's rulings and decision in the original action, and which rulings and decision are challenged in this appeal, are set out in appellee Melrose's second paragraph of answer, which is in substance that at the time said contract of sale was executed, plaintiff and defendant were husband and wife, and were living together. For a long time before, their home life had been very unsatisfactory to both parties, and their difficulties continued to increase, until they finally agreed between themselves to live separate and apart from each other; that in contemplation of such separation they entered into a mutual agreement in writing, a copy of which is made a part of the answer, by the terms of which the plaintiff in settlement of the property rights between the parties agreed to assign to the defendant, his wife, all his right, title, and interest in the contract executed by the defendant, Besser to the plaintiff for the conveyance of the real estate involved, and to pay all unpaid installments of purchase money due on said contract as they matured, and also the taxes on said property until the purchase price therefor was duly paid, and in consideration of said assignment this defendant agreed not to institute any suit against the plaintiff for support or maintenance, and to take care of and maintain the two daughters of the plaintiff and this defendant, now eight and ten years of age; that the plaintiff executed to this defendant an assignment in writing of said contract; and delivered to this defendant both the original contract

for the conveyance of the real estate and the assignment thereof. Relying on said agreement and said assignment of contract, this defendant brought suit against the plaintiff and procured a decree of divorce, without making any claim for alimony or support, or prosecuting any action for an interest in the property of the plaintiff. A divorce was granted to this defendant without alimony or any provision for her support, or the support of the two minor children. Since the granting of said divorce, this defendant has been caring for and supporting her said two daughters, and performing all of the provisions of said contract of property settlement on her part to have been performed.

The agreement omitting formal parts is as follows: "That in order to settle matters and property rights between the said parties said Frank Melrose agrees to assign to Dessie Melrose all his right, title and interest in and to a certain contract for the purchase of Lot Seven (7) in Block Twelve (12) in the original plat of Remington, Indiana, and further agrees to pay all unpaid installments yet due on said contract of purchase of said lot and to pay all taxes on said property until said contract is fully paid out and deed is made to said Dessie Melrose. Said property to be in lieu of further support, maintenance and alimony in favor of said Dessie Melrose. Said Dessie Melrose agrees to accept said property to be in full of her rights and interest in and to the property of said Frank Melrose. Said Dessie agrees not to institute suit, other than for divorce, against the said Frank Melrose, that is to say, said Dessie is not to institute any suit for her support or maintenance but accept said property in full of all her rights in his estate. Said Dessie agrees to take care of and maintain their two daughters, viz.: Opal, now ten years old, and Goldie, now eight years old. Said Frank Melrose agrees not to visit or annoy said Dessie

in any way or manner, but is to be allowed the privilege of having his two said daughters visit him at his place of business or at such other place in Remington, Indiana, as he may designate other than at the home of said Dessie Melrose. All household goods belong to Dessie Melrose." It is dated June 4, 1918.

The assignment of the contract of sale is as follows: "For value received, I hereby assign, set over and transfer all my right, title and interest in and to the within contract, and direct that said Besser, convey said premises to my wife Dessie Melrose, that I agree to pay all unpaid installments yet due on said contract and to pay the taxes on said property until such time as I have fully paid all of said installments. That is to say that I am to pay said property out according to the tenor of this contract and all taxes on said property until fully paid out. Dated this 4th day of June, 1918. Frank Melrose."

Appellee Melrose's cross-complaint in the original action is based upon the contract of sale, the settlement contract and the assignment, by virtue of all of which she prays that the deed be made to her.

Appellant first contends that it was error to admit appellee Melrose as a party defendant in the original action. It is so apparent that said appellee was 1. not only a proper but a necessary party to the action, that we need give the question but little consideration. With the sale contract assigned to her, there could be no complete determination of the question of ownership of the contract without her. The court properly made her a party to the action. §§273, 278 Burns 1914, §§272, 277 R. S. 1881; *Heaton* v. *Lynch* (1894), 11 Ind. App. 408, 38 N. E. 224; *Trent* v. *Edmonds* (1904), 32 Ind. App. 432, 70 N. E. 169.

It is the settled law, both of England and of this country that an agreement of separation between a husband

and wife whereby he provides for her separate maintenance, and she covenants to release all her claims upon his estate, is lawful, and not in contravention of public policy. *Reed* v. *Beazley* (1820), 1 Blackf. 97; *Dutton* v. *Dutton* (1868), 30 Ind. 452; *Hilbish* v. *Hattle* (1896), 145 Ind. 59, 44 N. E. 20, 33 L. R. A. 783; *Pryor* v. *Pryor* (1908), 88 Ark. 302, 114 S. W. 700, 129 Am. St. 102; *Estate of Yoell* (1913), 164 Cal. 540, 129 Pac. 999; *Hill* v. *Hill* (1914), 190 Ill. App. 541; *Melton* v. *Hubbard* (1910), 135 Ga. 128, 68 S. E. 1101; *Tallmon* v. *Tallmon* (1914), 166 Iowa 370, 147 N. W. 746; *Branch* v. *Branch* (1907), (Ky.), 98 S. W. 1004; *Nichols* v. *Nichols* (1912), 169 Mich. 540, 135 N. W. 328; *Banner* v. *Banner* (1914), 184 Mo. App. 396, 171 S. W. 2; *McGean* v. *Parsons* (1912), 134 N. Y. Supp. 649, 150 App. Div. 208; *Stebbins* v. *Morris* (1897), 19 Mont. 115, 47 Pac. 642; *Hiett* v. *Hiett* (1905), 74 Neb. 96, 103 N. W. 1051; *King* v. *Mollohan* (1900), 61 Kan. 683, 60 Pac. 631; *Henderson* v. *Henderson* (1900), 37 Ore. 141, 60 Pac. 597, 61 Pac. 136, 48 L. R. A. 766, 82 Am. St. 741; *Daniels* v. *Benedict* (1899), 97 Fed. 367, 38 C. C. A. 592.

There is nothing in the settlement contract here involved that takes it out of the general rule, and it is therefore neither void nor voidable. The second paragraph of answer, and the cross-complaint in the original action, each based upon the settlement contract, were sufficient, and the demurrers thereto respectively, were each properly overruled. These are the alleged errors presented by appellant as the basis of his complaint for review, and therefore the demurrer to such complaint was properly sustained. There is nothing in the record that shows any equity in favor of appellant.

The judgment is affirmed.