In the Matter of the Estate of FRANK O. BURRIDGE, Deceased.[*]

Surrogate's Court, New York County, January 9, 1933.

*Albert Mintzer* [*Isidor Lazarus* of counsel], for the petitioner.

*Herbert C. Smythe, Jr.*, for the respondent.

FOLEY, S. Heretofore application was made by Emilie Rolland, who claims under a contract with the decedent to pay her fifty dollars a month during her lifetime, to compel the legal representative of the decedent's estate to pay the judgments obtained by her on the contract in the Municipal Court. She also sought to compel the estate either to set aside a capital sum to secure by the income thereof the payment of the monthly sum due her during her lifetime or, in the alternative, for an order directing the representative of the estate to make a present lump payment in full liquidation of the claim. When the matter came on before the surrogate appeals were then pending from the judgments entered

[*] See, also, 234 App. Div. 457; 140 Misc. 574; 144 id. 583.

in the Municipal Court. A stipulation was entered into dated May 6, 1932, which directed the deposit of the amounts of the judgments in an account designated " Estate of Frank O. Burridge, Special," pending the outcome of the appeals. The stipulation also provided for the deposit of additional sums of fifty dollars monthly in the special account, pending the final determination of the appeal. The appeals were finally determined on November 4, 1932, when the Appellate Division denied the motion of the defendant in these actions for leave to appeal to that court. Pursuant to the stipulation dated May 6, 1932, the surrogate made an order directing payment by the legal representative of the estate from the special account of the amounts due to the plaintiff. The stipulation provided further as follows:

" *Tenth.* That the remaining relief asked for in the above entitled proceeding, especially that relief dealing with the setting aside of future amounts to secure the ultimate liability of the estate, if it be established that the petitioner, Emilie Rolland is entitled to such future payments, shall not be affected by the foregoing stipulation, but shall be determined by the Surrogate in the present application."

The petition upon which this proceeding is based alleges that in or about 1921 the decedent duly contracted with the petitioner to pay her fifty dollars on the first of each month so long as she lived, and for such payments to be made by his estate after him. He made these payments up to the time of his death. One monthly payment was made by his executor after his death. He then stopped making any further payments. The respondent here does not deny these allegations. The suits in the Municipal Court for unpaid monthly installments were instituted and tried on the basis of the contract set forth above.

The matter now comes before the surrogate for that part of the relief originally asked for, which was reserved until final determination, pursuant to the tenth paragraph of the stipulation quoted above. The claim of the petitioner was not determined to be an annuity. It was based upon a contract. She is not a legatee under the will either as an annuitant or otherwise. She has been held to be the promisee under a contract made by him in his lifetime. The agreement gave her the right to sue at law as each payment becomes due. (*McGean* v. *Parsons*, 150 App. Div. 208.) In order to avoid unwarranted litigation, and to secure the creditor and prevent burdensome expense, a practical solution must be arrived at.

Examination of the law of this State fails to disclose any case in which the courts have held that the surrogate has power to direct the representative of the estate to presently pay in a lump

sum the present value of a continuing contractual obligation, as requested by her here. The authority of the court to grant relief here must be found in the Surrogate's Court Act. In certain other States the probate courts are given by statute the power to set aside a fund sufficient to pay the periodic payments due under the contract, or to pay presently a lump sum which, in this case, would be measured by the present life expectancy of the promisee. There is no statutory authority to pay the lump sum in New York. Section 212 of the Surrogate's Court Act, in my opinion, applies only to the present payment of liquidated claims not yet due, " after deducting a rebate of legal interest." It does not contemplate or authorize the commutation of future periodic payments or the payment over of the present value based on the life expectancy of the promisee. Section 244 of the Surrogate's Court Act has no application here since it is limited to the specific purposes of a sale, mortgage or lease of real property under article XIII in which it is contained.

The situation has been presented frequently in this court, for example in the cases of outstanding liability upon an unexpired lease in which the decedent was the lessee. It is also presented in the case of a separation agreement between the decedent and his wife where the wife's allowance is to be continued by the terms of the agreement after the husband's death. Most of these situations are solved by agreement between the parties, and the claim is adjusted and satisfied, or security and protection to the creditor is afforded. There is no arbitrary or mandatory procedure for the surrogate to compel the payment of a lump sum, since the circumstances must differ in each case and the terms of each contract must be recognized.

It is particularly important in the present situation that no unauthorized direction for a lump sum payment be made. The will is contested and its validity must await a final decree. It may be admitted or rejected, and if rejected, a former will with a different disposition may be propounded. There may even be an intestacy. It is impossible at the present time to ascertain the ultimate beneficiaries of the estate who would have to bear the lump sum charge. The creditor under my disposition of this application will be amply protected.

I hold that the petitioner having established that she is entitled to the sum of fifty dollars a month pursuant to a contract made with the decedent during his lifetime, is entitled to be adequately secured. She is, therefore, entitled to an order in this proceeding requiring the legal representative of the estate to set aside a sum

sufficient to produce the monthly payments due her during her lifetime. The specific provisions of section 207 of the Surrogate's Court Act and the general grant of power under section 40 of the Surrogate's Court Act furnish sufficient basis for that direction. Both sides concede that the estate is solvent, and that the amount required can be set aside without injuriously affecting the rights of other persons. I direct, therefore, that the representative of the estate place in a special account cash or legal investments of the value of $20,000 for this purpose. The order shall direct that the payments at fifty dollars per month be made from income. If the income be insufficient they shall be made from the capital of the fund. A bank or trust company shall be designated as depository as agreed upon by the parties or, in default of such agreement, designated by the surrogate. The fund directed to be deposited shall be retained until the death of the petitioner or until the further order of this court.

Submit order on notice accordingly.