## LUKSHAITIS v. LUKSHAITIS.

1. Divorce—Appeal—Improperly Admitted Evidence.

On appeal in a suit for divorce it must be assumed, without convincing evidence to the contrary, that the court disregarded all evidence improperly admitted.

2. Same—Discretion of Court—Custody of Children—Alimony—Division of Property.

A large discretion is lodged in the court in a suit for divorce in respect to custody of children, alimony and property interests (3 Comp. Laws 1929, § 12728 *et seq.*).

3. Same—Pro Confesso Case—Wife's Ability to Work—Evidence.

In suit for divorce wherein bill is taken as confessed, testimony taken as to plaintiff wife's physical condition is assumed to have been admitted as bearing upon her ability to work and not for purpose of negativing her testimony as to her right to a divorce.

4. Same—Alimony—Division of Property—Custody of Children.

In suit for divorce wherein court determined that home of the parties, held by the entireties, had a net value of $11,400 subject to a mortgage of $4,409, that furniture was worth $650, automobile $800, and war bonds held by defendant $150, decree of divorce awarded to wife without alimony but requiring him to pay her $3,000 at $50 per month with interest at five per cent. in lieu of dower and to deliver to her four $250 life insurance policies *held,* not unfair in view of the contribution each had made to property owned, present financial condition, prospective earning capacity, and fact that 15-year-old son decided to live with father (3 Comp. Laws 1929, §§ 12747, 12767).

5. Same—Alimony—Discretion of Court.

Alimony rests entirely in the judgment of a court of equity and depends upon the condition and situation of the parties, the

necessities and property of the wife and the conduct and abilities of the husband (3 Comp. Laws 1929, § 12728 *et seq.*).

6. SAME—DIVISION OF PROPERTY—ESTATES BY ENTIRETIES.

    A court is not required to divide real estate held by the entireties equally between parties to a suit for divorce but may make such division between them as he shall deem equitable and just (3 Comp. Laws 1929, §§ 12747, 12767).

7. SAME—APPEAL—COSTS.

    No costs are awarded upon affirmance of decree upon wife's appeal.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted April 9, 1946. (Docket No. 90, Calendar No. 43,348.) Decided May 13, 1946.

Bill by Cecilia M. Lukshaitis against Joseph B. Lukshaitis for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Dann, Atlas & Tilchin,* for plaintiff.

*Ernest C. Sneed,* for defendant.

SHARPE, J. On August 3, 1944, plaintiff filed a bill for divorce in which it was alleged that the parties were married November 29, 1929; that as a result of the marriage one child was born September 15, 1930, whose name is Gerald Lukshaitis; that during their cohabitation defendant was cruel to her in that among other things he was often intoxicated and on such occasions was abusive and quarrelsome; that plaintiff is unable to work because of her undermined and chronic physical condition and has poor eyesight; that during the year of 1939 the parties acquired as tenants by the entireties a resi-

dence in the city of Detroit of the value of $13,000 subject to a mortgage in the sum of $5,000; that defendant owned an automobile of the value of $900; and that defendant is a police officer of the city of Detroit.

Defendant filed an answer and cross bill, but at the time of trial withdrew both his answer and cross bill. At an adjourned hearing of the cause, defendant's counsel was permitted to cross-examine plaintiff as to her physical condition and to offer evidence as to alleged misconduct of plaintiff and to dispute the allegations in plaintiff's bill of complaint that she was unable to work. Defendant testified that out of his salary he purchased practically all of the household furniture and kitchen utensils; that his salary is approximately $58 per week; and that he personally is indebted to several people in an amount of approximately $550.

The trial court filed an opinion in which he found as a fact that the home of the parties has a net value of $11,400 subject to a mortgage of $4,409; that the furniture has a value of $650; that the automobile has a present value of $800; and that war bonds held by defendant are of the value of $150.

A decree was entered by the trial court granting plaintiff a divorce, but without alimony. The decree also provided that defendant pay plaintiff the sum of $3,000 payable at the rate of $50 per month including interest at the rate of five per cent., said payment to be in lieu of any dower right of plaintiff. The decree also provided for a division of the household furniture; and that defendant deliver to plaintiff four $250 life insurance policies.

Plaintiff appeals and urges that where a bill of complaint for divorce has been taken as confessed, it is prejudicial error on the part of the trial court

to admit testimony contradicting the allegations in the bill of complaint.

In *Westgate* v. *Westgate*, 291 Mich. 18, the claim was made that the trial court permitted the receiving of immaterial and prejudicial testimony. We there said (p. 25):

"It must be assumed, without convincing evidence to the contrary, that the court disregarded all evidence improperly admitted. The reception of any such testimony, under the circumstances, is not error which so affects the merits of the case as to be grounds for reversal."

In that case we also said:

"The statute [3 Comp. Laws 1929, § 12728 *et seq.* (Stat. Ann. § 25.86 *et seq.*)] provides that such proceedings shall be in chancery and in all the important considerations affecting custody of children, alimony and property interests, a large discretion is lodged in the court."

We note that plaintiff testified as to her physical condition. We shall assume that the trial court admitted the testimony as bearing upon plaintiff's ability to work and not for the purpose of negativing any testimony of plaintiff as to her right to a divorce. It must also be assumed that the trial court disregarded all testimony that negatived plaintiff's right to a divorce.

It is also urged that plaintiff is entitled to alimony and that the property settlement is unfair to plaintiff. Both of these issues relate to the abilities of each of the parties to be productively employed in the future, their present financial condition, and the contributions each has made to the property now owned by the parties. We must assume that the trial court, in coming to his determination, took into consideration each of the elements above noted

together with the fact that defendant would have the care, custody, support and education of the son Gerald, who chose to live with his father.

In *Schmoltz* v. *Schmoltz,* 116 Mich. 692, we said:

"Alimony rests entirely in the judgment of a court of equity, and depends upon the condition and situation of the parties,—the necessities and property of the wife, and the conduct and abilities of the husband."

In *Van Dommelen* v. *Van Dommelen,* 218 Mich. 149, we said:

"In making the award (alimony), and later in enforcing it, the court is expected and required to have due regard to the ability of the husband, the character and circumstances of the parties and all other circumstances of the case."

In *Montgomery* v. *Montgomery,* 221 Mich. 31, we said:

"The real estate was held by the entireties. The court was not required to divide the real estate held by the entireties equally between the parties. He might make such division between them 'as he shall deem equitable and just.' 3 Comp. Laws 1915, §§ 11416, 11437. † * * * *Allen* v. *Allen,* 196 Mich. 292."

The trial court found as a fact, "I am of the view that, at the present time, Mrs. Lukshaitis is able to work and able to support herself, at least in part." The report of the friend of the court shows that when the present suit was instituted in August, 1944, plaintiff was 33 years of age and defendant 37 years of age. We have reviewed the record carefully and conclude that the trial court came to a just and equitable result on the questions of alimony

† These sections are 3 Comp. Laws 1929, §§ 12747, 12767 (Stat. Ann. §§ 25.105, 25.132).—REPORTER.

and division of property. We cannot say that had we occupied the position of the trial court we would have reached a conclusion materially different than that reached by the trial court.

The decree of the trial court is affirmed, but without costs.

Butzel, C. J., and Carr, Bushnell, Boyles, Reid, North, and Starr, JJ., concurred.