## COOLEY *v.* COOLEY.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.

   In wife's suit for divorce on ground of extreme cruelty, evidence *held*, sufficient to justify granting plaintiff a decree of divorce.

2. SAME—MATTERS OCCURRING SUBSEQUENT TO FILING BILL FOR DIVORCE.

   Testimony of matters occurring subsequent to time bill for divorce was filed was inadmissible in suit for divorce.

3. SAME—EVIDENCE.

   Where there is sufficient competent testimony to support a decree of divorce for plaintiff wife, without resort to inadmissible testimony as to matters occurring since bill was filed, the decree will not be disturbed for failure to amend the pleadings.

4. SAME—APPEAL—EVIDENCE IMPROPERLY ADMITTED ASSUMED DISREGARDED.

   On appeal in suit for divorce it must be assumed, without convincing evidence to the contrary, that the trial court disregarded all evidence improperly admitted.

5. SAME—DIVISION OF PROPERTY.

   The division of property in a suit for divorce is not governed by rigid rules.

6. SAME—DIVISION OF PROPERTY—DISCRETION OF COURT—SUPREME COURT.

   The Supreme Court does not substitute its judgment as to division of property for that of the trial judge in a suit for divorce in the absence of a clear showing of abuse of discretion.

7. SAME—DIVISION OF PROPERTY.

   Where parties to suit for divorce had borrowed $1,000 from defendant husband's father in order to make down payment on home they occupied, decree in effect dividing such equity equally between the parties is not disturbed on appeal as inequitable.

8. SAME—INSURANCE.

In suit for divorce, wherein decree awarded custody of the two children to the wife and required the husband to continue to make payments on $1,000 life insurance policy in which wife was named beneficiary was proper, assuming award of alimony might terminate in the event of his death, as within discretion of court (3 Comp. Laws 1929, § 12766, as amended by Act No. 220, Pub. Acts 1939).

9. SAME—ALIMONY.

In view of fact that defendant husband was receiving wages of about $50 a week, plaintiff about $30 per week from two boarders in the home, and decree gave plaintiff all of the accumulated property of the defendant, required him to maintain his life insurance for her benefit, children were 4 and 6 years old, and other circumstances, award of $25 per week alimony is regarded as excessive and reduced to $18 per week.

10. SAME—COSTS—MODIFICATION OF DECREE.

No costs are awarded in suit for divorce where decree is modified in favor of appellant husband.

Appeal from Kent; Brown (William B.), J. Submitted January 13, 1948. (Docket No. 58, Calendar No. 43,906.) Decided February 16, 1948.

Bill by Edith Cooley against Howard Cooley for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Modified and affirmed.

*Glocheski & Glocheski,* for plaintiff.

*Leo J. Henry,* for defendant.

BOYLES, J. These parties were married March 7, 1941, and lived together (except for 15 months while the defendant was in military service) until about January 25, 1947. Two children were born of the marriage, September 24, 1941, and May 22, 1943, respectively. On February 3, 1947, plaintiff filed a bill of complaint seeking a divorce on the

ground of extreme cruelty and after issue joined and a hearing in open court plaintiff was granted an absolute divorce on May 29, 1947. The decree gave plaintiff the custody of the children, $50 attorney fees, $25 per week alimony, the household furniture and furnishings, and the equity in the home which the parties were purchasing on contract on which $1,045 had been paid, subject to a $500 lien which the decree allows the defendant if the place should at any time hereafter be sold. The decree also requires the defendant to continue payments on a life insurance policy for $1,000 in which plaintiff is named as the beneficiary.

The defendant appeals, claiming that the evidence fails to prove the plaintiff entitled to a decree of divorce, and that in any event the court should not have awarded the home to the plaintiff. No question is raised as to custody of the children. The plaintiff does not cross-appeal.

We conclude that the testimony in the record justifies the trial court in granting plaintiff a divorce. After the defendant came back from the service he told her several times to get a divorce, and that he was staying just for the children's sake. She testified:

"He said 'I will get out, you go ahead and get your divorce.' There were times after that I told him I didn't want to jump right into a divorce not knowing whether I could make a go of it or not. He said several times that we will stay together until the first of the year and he told me that if I didn't get a divorce he will go down and start it. I still waited two or three weeks after that.

"He used physical violence about two weeks before (my) starting proceedings. He said he would take his clothes and leave and then he came home and wanted me to forgive and take him back. He kept trying to love me up and everything and I

didn't want to.  I told him to quit.  I kept pushing
him away and he said you want to get rough.  He
grabbed me and threw me on the floor and sat on
me.   *   *   *

"On one occasion, when my husband used physi-
cal violence on me, he sat on me.  He did not lay me
down on the floor very carefully.  He took me and
threw me on the floor.

"*Q.*  He didn't try to hurt you at that time?

"*A.*  Yes, I said, 'You hurt me, let me up out of
here.' ''

The defendant admits the truth of the charges of
physical violence.    There were arguments over
money matters and mutual wranglings which, how-
ever, would not be ground for divorce.  *Kolberg* v.
*Kolberg,* 312 Mich. 42.  The defendant told another
that he had gotten the plaintiff pregnant before
their marriage and for that reason he married her.
Plaintiff also was permitted to testify at length as
to what the defendant said and as to matters that
had occurred subsequent to the filing of her bill for
divorce.   She did not attempt to amend her bill
of complaint and no supplemental bill was filed.
See Court Rule No. 25 (1945).  The testimony of
subsequent matters was not admissible.  *Rayner* v.
*Rayner,* 49 Mich. 600.  However, there is sufficient
competent testimony to support the decree, without
resort to such inadmissible testimony, and the de-
cree will not be disturbed for failure to amend the
pleadings.  *Ferguson* v. *Ferguson,* 145 Mich. 290.
On appeal in a suit for divorce it must be assumed,
without convincing evidence to the contrary, that
the court disregarded all evidence improperly ad-
mitted.  *Lukshaitis* v. *Lukshaitis,* 314 Mich. 426.

The defendant claims that the trial court should
not have awarded the equity in the home to the
plaintiff.  The down payment of $1,000 on the con-

tract was made with money borrowed by the parties from defendant's father. The court, in effect, divided this equity between the parties. The division of property in a suit for divorce is not governed by rigid rules. The Supreme Court does not substitute its judgment as to division of property for that of the trial judge in a suit for divorce in the absence of a clear showing of abuse of discretion. *Stalker* v. *Stalker,* 313 Mich. 209. The court, in awarding the insurance policy to the plaintiff, properly considered the interests of the children, assuming that the award for alimony might terminate in the event of the death of the defendant. The award was within the discretion of the court.

"Hereafter every decree of divorce shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance, endowment or annuity upon the life of the husband in which she was named or designated as beneficiary." 3 Comp. Laws 1929, § 12766, as amended by Act No. 220, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 12766, Stat. Ann. 1947 Cum. Supp. § 25.131).

See, also, *Minnesota Mutual Life Ins. Co.* v. *Hendrick,* 316 Mich. 253.

The court allowed plaintiff $25 per week alimony, out of the defendant's gross earnings of about $50 per week. She was also getting $30 per week from two boarders in the home. The decree thus gave plaintiff all of the accumulated property of the defendant, at least half of his future earnings, and required him to maintain his life insurance for plaintiff's benefit. In view of the ages of the children—4 and 6 years respectively—and the other circumstances of the case, we consider the award of $25 per week excessive. Plaintiff does not deny being in good health, having been employed as a

waitress in a beer tavern. The decree may be modified to award plaintiff $18 per week alimony, and otherwise will be affirmed. No costs awarded.

BUSHNELL, C. J., and SHARPE, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.